# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ROBERT McGEE, JR.,

    Plaintiff,

    v.

HOMELAND GEORGIA POLICE
DEPARTMENT; BRADLEY TODD; and
BRANDON TODD,

    Defendants.

5:23-CV-018

## ORDER

Before the Court is a motion to dismiss filed by Defendants Homeland Police Department, Bradley Todd, and Brandon Todd. Dkt. No. 4. Plaintiff has filed no response to the motion, and the time for doing so has passed.

## BACKGROUND[1]

This case appears to arise out of Plaintiff's arrest on January 27, 2023, after he and his son placed clothing into a dumpster near the Homeland City Hall, a dumpster which he had been told by Bernice Pascal, the clerk of court, was "full and

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

unavailable." See Dkt. No. 1-1 at 1.  After a confrontation with Ms. Pascal, Plaintiff was arrested within an hour by Homeland Police Officer Brandon Todd.  Id.  Plaintiff let Todd cuff him, and then, not liking what Plaintiff had to say, Todd "grab[bed Plaintiff] by [his] shirt as to choke [him] with [his] shirt" and "slam[med] [him] against the car telling [Plaintiff] [that Todd] will fucking destroy [Plaintiff]."  Id.  Todd reported that Plaintiff resisted arrest.  Id.  When Plaintiff "went to make . . . bond," the bailiff told Plaintiff that the bailiff "was instructed by the same officers to reject [Plaintiff's] property bond on a misdemeanor charge."  Id.

The following day, on January 28, 2023, Bradley Todd, Chief of the Homeland Police Department, pulled Plaintiff over for his window tint being too dark, even though Plaintiff's windows were down.  Id. at 2.  Plaintiff was recording their interaction with his phone, and Chief Todd told Plaintiff to put his phone down or Chief Todd would arrest Plaintiff.  Id.  When Plaintiff told Chief Todd "they're going to regret this harassment," referring to Plaintiff's intention to file a lawsuit, Chief Todd screamed at Plaintiff and said he would teach Plaintiff a lesson about "bullying old ladies," referring to Plaintiff's interaction with Ms. Pascal the previous day.  Id.  Then Chief Todd ran Plaintiff's

license and said Plaintiff had a suspended license, though Plaintiff verified later that his license was not suspended.  Id.

On February 7, 2023, Plaintiff, proceeding *pro se*, initiated this action in the Superior Court of Charlton County, Georgia. Id. at 11.  On March 10, 2023, Defendants removed the case to this Court.  Dkt. No. 1.

In the complaint, dkt. no. 1-1, Plaintiff asserts "officers Bradley Todd and Brandon Todd both absolutely violated [his] civil rights," id. at 11.  He asserts violation of his First Amendment rights pursuant to 42 U.S.C. § 1983, as well as violations of 34 U.S.C. § 12601 (unlawful conduct by law enforcement), and 18 U.S.C. § 242 (deprivation of rights under color of law).  Id. Additionally, it appears he might be asserting a claim for malicious prosecution, id. at 1, use of excessive force, discrimination, harassment, false arrest, and "unlawful stop," id. at 9.  Plaintiff demands $10,000 from the Homeland Police Department.  Id.

Defendants move to dismiss Plaintiff's complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 4.

## LEGAL STANDARD

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153–54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff

has stated a claim for which relief can be granted.  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).   Courts are not required to "sift through the facts presented and decide for [itself] which [are] material."  Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings."  Weiland, 792 F.3d at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. at 1321-23 (citations omitted).

The types of shotgun pleading most relevant here are types three—not separating into a different count each cause of action or claim for relief—and four—asserting multiple claims against multiple defendants without specifying which of the defendants the claim is brought against.  See id. at 1323.

Plaintiff's complaint contains numerous references to causes of action but either does not separate them in a systematic manner or does not assert which facts support those causes of action. For example, the complaint contains the following statements:  "As he took me to the jail, I went to make my bond, the baliff tells me he was instructed by the same officers to reject my property bond on a misdemeanor charge, which can also be considered malicious prosecution and an attempt to keep [Plaintiff] in jail without real probable cause," dkt. no. 1-1 at 1; "It is unlawful for excessive force discriminatory harassment false arrest unlawful stop," id. at 9.  Additionally, it is unclear which causes of action Plaintiff is actually asserting and whether those claims are against Brandon Todd, Bradley Todd, and/or Homeland Police Department.  See generally id.

Plaintiff's complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8.  Further, though *some* of the complaint's paragraphs are numbered, they are not "each limited as far as practicable to a

Case 5:23-cv-00018-LGW-BWC   Document 8   Filed 05/01/23   Page 8 of 8

single set of circumstances." Fed. R. Civ. P. 10(b). The complaint is therefore a shotgun pleading.

Nevertheless, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, the Court **DENIES** Defendants' motion to dismiss, dkt. no. 4, at this time. Plaintiff is **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this Order. His failure to do so will result in dismissal of this action. Further, Plaintiff is warned that his failure to cure the deficiencies noted above will result in dismissal of this case.

CONCLUSION

Defendants' motion to dismiss Plaintiff's complaint, dkt. no. 4, is **DENIED**. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED** this 1st day of May, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA